FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -6  P 2: 06

CLERK L. LaVictoire

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JIMMY COLEY,

    Petitioner,

vs.                        CIVIL ACTION NO.: CV205-071

JOSE M. VASQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jimmy Coley ("Coley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Coley has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Coley was convicted in the Northern District of Georgia of conspiracy to traffic cocaine and attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. §§ 841 and 846. Coley was sentenced to 262 months' imprisonment on each count, to run concurrently, five years' supervised release, and a $100.00 special assessment. (CR192-182, Doc. No. 392.) Coley filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his sentences and convictions. (CR192-182, Doc. No. 476.) Coley filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255

AO 72A
(Rev. 8/82)

in the Northern District of Georgia. (CR192-182, Doc. No. 485.) The Honorable Robert L. Vining, Jr., denied Coley's motion. (CR192-182, Doc. No. 490.)

Coley, in the instant petition, asserts that the trial court violated his right to due process of law and his right to a fair trial because his sentence was enhanced for a firearm violation not set forth in the indictment and was based on facts not found by the jury or admitted to by him. Coley contends that the Supreme Court's ruling in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), is retroactively applicable to his case. In support of this contention, Coley cites to Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004).

Respondent avers that Coley's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Coley has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that neither Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), nor Booker applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 2.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Coley has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Coley bases the claims set forth in his petition on the Supreme Court's decision in Booker. However, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Coley was sentenced in the Northern District of Georgia on January 21, 1994, and his conviction and sentence were affirmed on November 30, 1995. Booker was decided on January 12, 2005. To allow Coley to have his requested relief pursuant to Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contentions to the contrary.

The Supreme Court has found that, when one of its decisions announces a new rule, "the rule applies only in limited circumstances" in cases of "convictions that are already final." Schriro v. Summerlin, 542 U.S. at ___, 124 S. Ct. at 2522. The Supreme Court distinguished between new substantive rules, which generally apply retroactively, and new procedural rules, which generally do not apply retroactively. 542 U.S. at ___, 124 S. Ct. at 2522-23. The Court noted that "[a] rule is substantive rather than procedural if it

AO 72A
(Rev. 8/82)

alters the range of conduct or the class of persons the law punishes . . . . In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." 542 U.S. at ___, 124 S. Ct. at 2523 (emphasis in original). New procedural rules are given "retroactive effect" if they represent the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citing Teague, 489 U.S. at 311, 109 S. Ct. at 1076).

The Supreme Court's holding in Booker represents a procedural rule which does not alter the range of conduct which subjects a defendant to punishment. Assuming without deciding that this case presents a new rule, a new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). In addition, the Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Coley has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the courts in his previously filed matters rejected Coley's claims does not render section 2255's remedy inadequate or ineffective. Coley has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

In sum, Coley cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims

5

fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Coley is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Coley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)