FILED
U.S. DIST. COURT
BRUNSWICK DIV.

**IN THE UNITED STATES DISTRICT COURT** 2005 NOV 16  A 10: 54
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**      CLERK_____
S/ D.ST. OF GA.

JIMMY COLEY,                                   :

            Petitioner,              :

vs.                                            :         CIVIL ACTION NO.: CV205-071

JOSE M. VASQUEZ, Warden,                       :

            Respondent.              :

# O R D E R

After an independent review, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.  In his Objections, Coley contends that a judgment on a motion to dismiss is inappropriate in his case because such a response does not answer the allegations set forth in his petition.  Coley asserts that the Magistrate Judge's Report worked to his actual and substantial disadvantage.  Coley alleges that the Magistrate Judge's reliance on Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is misplaced and that a Report and Recommendation which merely states general conclusions of law is without merit.  Coley also alleges that the Magistrate Judge's conclusion that he does not satisfy 28 U.S.C.A. § 2255's savings clause is incorrect and that the citations the Magistrate Judge relies on in reaching this conclusion have been overruled by Dodd v. United States, ____ U.S. ____,

AO 72A
(Rev. 8/82)

125 S. Ct. 2478, 162 L. Ed.2d 343 (2005).  Coley further alleges that <u>Dodd</u> establishes that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), <u>United States v. Fanfan</u>, and its companion case, <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), are retroactively applicable to cases on collateral review. Coley asserts that 28 U.S.C.A. § 2255, ¶6(3) makes it clear that these cases are retroactively applicable.  Coley also asserts that the Magistrate Judge's conclusion that neither <u>Blakely</u> nor <u>Booker</u> applies retroactively to cases on collateral review is in error and does not warrant the denial of his habeas application.

The undersigned concurs with the Magistrate Judge's conclusions of law; however, Coley's Objections warrant a discussion of one case he cites in his Objections.  In <u>Dodd</u>, the Supreme Court, in affirming the Eleventh Circuit, stated that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a section 2255 motion, pursuant to ¶6(3) of that statute.  <u>Dodd</u>, ___ U.S. at ___, 125 S. Ct. at 2482.  However, the Supreme Court reasoned that a petitioner cannot take advantage of this date unless the other condition of this statute were also met, i.e., this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review.  <u>Id.</u>  Coley's reliance on <u>Dodd</u> is misplaced, as <u>Blakely</u>, <u>Fanfan</u>, and <u>Booker</u> are not retroactively applicable to cases on collateral review.  <u>See</u> <u>Varela v. United States</u>, 400 F.3d 864, 867 (11th Cir. 2005).  Coley's reliance on <u>Dodd</u> is also misplaced because his habeas petition does not raise any statute of limitation concerns.  Moreover, <u>Dodd</u> does not overrule any of the cases the Magistrate Judge cited to support his conclusions of law.

2

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 8) is **GRANTED**. Coley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _____ day of _____, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)